WEST, APPELLANT, *v.* THE PEOPLES BANKING & TRUST CO.,
APPELLEE.

[Cite as West v. Peoples Banking & Trust Co.,
14 Ohio App. 2d 69.]

(No. 301—Decided October 19, 1967.)

*Mr. Roger F. Redmond,* for appellant.
*Messrs. Summers, Haupt & Theisen,* for appellee.

GRAY, J. This cause is in this court on an appeal on questions of law from a judgment of the Court of Common Pleas of Washington County. The trial court entered a summary judgment on motion of defendant.

The gist of the matter is that one Garrett Brown approached defendant for a loan with which to enlarge his business. He was told by the officials of defendant that if

he employed plaintiff as manager of this appliance business the bank would not make the loan.

Plaintiff filed his petition alleging that he had been damaged by the action taken by defendant as related above and by defendant repossessing various articles that were under several floor-plan financing arrangements that plaintiff had with defendant. Plaintiff further alleged another basis for damages in that defendant sequestered and applied funds in defendant bank to a loan of plaintiff thereby causing one check to be returned and not paid because of insufficient funds.

All three causes of action were lumped together as one. Plaintiff seeks $150,000 damages.

Defendant filed an answer in which the first defense is that the facts alleged in the petition do not state a cause of action.

The second defense is that plaintiff had sold Philco appliances ''out of trust'' and had not remitted the proceeds of the sale to Rice Appliance Company in accordance with the floor-plan trust agreements. Defendant further alleges that there were other shortages of merchandise which were subject to floor-plan trust agreements with defendant.

Defendant further alleges that the repossession was accomplished with the express approval of plaintiff and under the floor-plan trust agreements which provided, among other things, that, should defendant deem itself or the merchandise insecure, the notes secured thereby should immediately become due and payable at defendant's option. The trust agreement further gave the defendant the right to enter any premises and take possession of any or all of such merchandise, without notice or demand, and without legal process.

Defendant further alleges that the balance in plaintiff's business account in the amount of $520.84 was set off against the obligations above set forth and on plaintiff's past due notes.

For its further defense defendant admits that its officials made the statement attributed to it and states that it was made without malice toward plaintiff and in good faith to a prospective borrower who was also a depositor of

the bank. It is further alleged that the statement made and actions taken by it were taken to protect the depositors of defendant's bank.

On August 21, 1964, there were filed the following papers: (1) A motion for a summary judgment; (2) deposition of Donn West, plaintiff, taken on cross-examination; (3) notice sent to Norman Holt that deposition was filed. On August 24, 1964, a copy of notice of motion for summary judgment, showing service by registered mail, was filed in the office of the clerk of courts.

On September 19, 1964, there was filed in the office of the clerk of courts a withdrawal of Norman Holt as attorney, and the court was so notified.

On December 28, 1966, the motion for summary judgment was granted in favor of defendant.

On January 17, 1967, a notice of appeal was filed by Roger Redmond, Attorney at Law, on behalf of plaintiff.

Plaintiff, feeling aggrieved by the action of the trial court, assigned the following errors:

"1. The motion [filed August 21, 1964] was premature because the case was not yet at issue since the plaintiff had not yet had an opportunity to file a reply controverting new matter, if any and if necessary, in defendant's answer [filed August 21, 1964].

"2. Notice of the hearing [if any was had] on said motion on December 28, 1966, was not given to plaintiff as required by Revised Code Section 2311.041 (B).

"3. No supporting 'evidence' was submitted for the court's consideration by the defendant-appellee, except the pleadings and the deposition as on cross-examination of plaintiff.

"4. The finding that 'there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law' is contrary to law.

"5. For other errors manifest from the record."

We are of the opinion that the issue of privileged communication has been raised by the pleadings in this cause. Under the facts pleaded we think that the statement made by officials of defendant was privileged.

The text writers and cases are in agreement that the

circumstances alleged in the pleadings present a situation where the statement made was qualifiedly privileged.

33 American Jurisprudence 124, Section 126, states the law as follows:

"A publication is conditionally or qualifiedly privileged where circumstances exist, or are reasonably believed by the defendant to exist, which cast on him the duty of making a communication to a certain other person to whom he makes such communication in the performance of such duty, or where the person is so situated that it becomes right in the interests of society that he should tell third persons certain facts, which he in good faith proceeds to do. This general idea has been otherwise expressed as follows: A communication made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which, without this privilege, would be actionable, and although the duty is not a legal one, but only a moral or social duty of imperfect obligation. The essential elements of a conditionally privileged communication may accordingly be enumerated as good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only. *The privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest or duty, and is not restricted within any narrow limits.*

"In the absence of malice, an utterance may be qualifiedly privileged, even though it is not true, and notwithstanding the fact that it contains a charge of crime. Indeed, it has been said that the doctrine of privilege rests usually, if not always, on the assumption that the words were untrue, but were excused by the occasion and the circumstances. But mere color of lawful occasion and pretense of justifiable end cannot shield from liability a person who publishes and circulates defamatory matter. Hence, a publication loses its character as privileged, and is actionable, on proof of actual malice." (Emphasis added.)

See, also, 1 Harper and James, The Law of Torts, 450, Section 5.27; and Prosser on Torts (3 Ed.) 805 *et seq.*

According to the facts pleaded, plaintiff agreed to the action taken by defendant in preserving the security of its various loans when he signed the various floor-plan trust agreements. Certainly plaintiff cannot complain about action taken by defendant under a valid existing contract which plaintiff voluntarily entered into.

Plaintiff further claims that defendant did not have the right of set-off of his account on the amount due and owing defendant from plaintiff. This contention is without merit. See 7 Ohio Jurisprudence 2d 311, Banks, Section 184.

Plaintiff has filed a petition with three causes of action in it. The various causes of action have not been separately stated and numbered. No motion has been filed to cause this defect to be remedied.

On deposition, plaintiff testified as follows:

"Q. What Mr. Brown related to you was that Mr. Morris had said that he would finance the floor-plan for Mr. Brown, but that if you were going to manage the business, he would not make the loan? A. That's exactly what he said.

"Q. And that's the sum and total of his statement? A. As far as I know; I wasn't there."

When a business man seeks a loan from a financial institution he puts his reputation for financial acumen and that of his managers and employees in issue. Plaintiff had to know from his past experience that borrowed money would be in the new venture. When prospective borrowers ask for credit from a bank the moment of truth has arrived. To hold otherwise would unnecessarily restrict and limit the scope of every day financial transactions.

We hold that the circumstances were such that it was in the interest of the defendant to tell the prospective borrower the facts and he had a corresponding interest to receive the information. Hence, the information was privileged.

We believe that the text discussion of the problem involved here as contained in the text book, 1 Harper and

James, The Law of Torts, is most enlightening. Excerpts which we deem helpful are as follows:

Section 5.26, at page 443. "Communications by the owner to protect or recover his property made to persons reasonably calculated to assist the owner in obtaining the return of the property or to prevent further losses are privileged. * * *"

Page 445. "* * * 'All that is necessary to entitle such communications to be regarded as privileged is, that the relation of the parties should be such as to afford reasonable ground for supposing an innocent motive for giving information, and to deprive the act of an appearance of officious intermeddling with the affairs of others.'

"It is generally held that if the defendant publishes the defamatory words to the person interested at the latter's request or solicitation, there is such a relationship between the parties to justify the communication. 'Everyone owes it as a duty to his fellowmen to state what he knows about a person, when inquiry is made; otherwise no one would be able to discern honest men from dishonest men. It is highly desirable, therefore, that a privilege of this sort should be maintained.' * * *"

Section 5.27, at page 451, in part, is as follows:

"* * * To defeat the privilege, the malice must be real and genuine. Just what are the qualities of malice, in this sense, is difficult to say. It has been said to be 'any improper motive which induces the defendant to defame the plaintiff.' 'By express malice,' said the New Jersey court, 'is meant some motive, actuating the defendant, different from that which prima facie rendered the communication privileged, and being a motive contrary to good morals.' 'Any indirect motive, other than a sense of duty, is what the law calls "malice." ' "

The question now arises as to the functions of the judge and jury. Section 5.29 states in part as follows at page 466:

"On the issue of privilege, the judge determines whether the occasion is one which gives rise to a privilege, *i. e.*, whether the facts and circumstances, including the relationship of the parties, was such as to justify an abso-

lute or defeasible immunity. Of course, if the facts are in dispute, their determination is for the jury. * * *''

Plaintiff did nothing for over two years, although he had notice on August 22, 1964, that a motion for a summary judgment had been filed. He claims *that, if a reply was necessary*, defendant could not take default judgment without further notice, as the first notice was premature It is his law suit. Therefore, he must determine whether a reply was necessary or not. He must have thought not, because he has not filed one. After all, plaintiff initiated the action and let it lie fallow for an extended period of time when he knew the motion was pending. To this day, no reply has been filed. We do not think that by his inaction under these circumstances he should be able to keep the court from acting on the matter.

It should also be noted that no affidavits were filed by plaintiff within a span of over two years to counter the effect of the motion for a summary judgment.

We are of the opinion that the trial court was correct in granting a summary judgment. In considering the testimony elicited from plaintiff in his deposition we cannot see how plaintiff could recover, under the circumstances alleged, if a trial were had. Summary judgments are designed to take care of such situations.

*Judgment affirmed.*

CARLISLE, P. J., and ABELE, J., concur.