JONES v. OILER ET AL.

(No. Civ. 73-116—Decided September 4, 1974.)

Common Pleas Court of Scioto County.

*Mr. Craig A. Allen,* for plaintiff.
*Mr. Jeffrey A. Rich,* for defendants.

MARSHALL, J. Plaintiff is the local chairman of Black Diamond Lodge No. 148 of the International Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, AFL-CIO. The defendants are members of that lodge. Homer J. Wilson and Richard T. Horn were trustees. An election was conducted in 1972 at which the plaintiff was re-elected chairman. During the course of the campaign, the defendants sent a letter dated November 27, 1972, to the International Secretary-Treasurer stating that the plaintiff had, on November 2, 1972, conducted an unauthorized meeting for some of the other members and their wives at "The Lookout House" in Kentucky, the cost of which, including his travel expenses, in the total amount of $520, he charged to the lodge treasury. The letter further stated that this action was in violation of the by-laws, which provide that the Board of Trustees be required to make recommendations to the lodge on unusual or extraordinary expenses, and that the plain-

tiff had not consulted with the board. It concluded with a request that this matter be investigated. As a result, plaintiff filed this action for defamation of character, claiming that, in addition, the actions of the defendants had aggravated a previous hypertensive and diabetic condition. Defendants filed a cross-complaint seeking recovery of the $520, their costs and punitive damages.

After plaintiff had answered interrogatories, defendants filed a motion for summary judgment on the complaint.

It is not denied that the meeting was held as set forth in the letter, although plaintiff was vindicated of wrongdoing.

The court finds that the letter contains no libelous statements, and was a matter that the defendants had a right to have investigated by the parent organization.

In answer to some of the interrogatories, plaintiff charged some of the defendants with making slanderous statements about him to other members of the lodge. These consisted essentially of allegations to the effect that the plaintiff had misappropriated lodge funds.

A long line of cases have established that a member of a labor union or other mutual benefit association is guaranteed the right to criticize union officials under the free speech provisions of the Constitution of the United States and of the State of Ohio. The Seventh District Court of Appeals in the case of *Crossen* v. *Duffy* (1951), 90 Ohio App. 252, stated where one offers himself as a candidate for office of a voluntary mutual benefit association he subjects himself to fair comment, contrast or comparison as to his integrity, honesty and qualifications and fitness for the office. In the case of *West* v. *Peoples Banking & Trust Co.* (1967), 14 Ohio App. 2d 69, the Fourth District Court of Appeals re-affirmed the rule. "A communication made in good faith on any subject matter in which the person communicating has an interest is qualifiedly privileged where made to a person having a corresponding subject matter interest, notwithstanding such communications contain matter which, without such privilege, would be actionable. The

privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest."

To overcome this privilege, the plaintiff must show that the communications complained of were motivated by actual malice. To determine these issues the court must consider all of the attendant facts and circumstances. In this case, the statements were made after the plaintiff had held a meeting which the members and trustees could in good faith have believed to be contrary to the by-laws, and charged the expenses to the union treasury. In considering the testimony of the plaintiff from his deposition the court cannot see how he could recover if a trial were had.

Although the defendant, Glen E. Barlowe, was not represented by counsel with respect to this motion, the same conclusions arrived at here would be applicable to him, and the court hereby includes him in this order.

It appearing to this court that reasonable minds can come to but one conclusion, and that conclusion is adverse to the plaintiff, judgment is rendered in favor of all defendants, at plaintiff's costs.

Counsel for the defendants has informed the court that in the event this motion is sustained, the cross-complaint will be dismissed.

*Judgment for defendants.*