The appellants, some former members of the board at Fellowship Baptist Church of Medina, Ohio, appeal from the trial court's grant of summary judgment in favor of the appellee, Reverend John Peterson. We affirm.
Each week, after the Sunday church service, Reverend Peterson received a check from the board for approximately $180 that constituted his compensation. One board member usually signed Reverend Peterson's check, and another member usually delivered it to Reverend Peterson after the service. On May 21, 1995, Reverend Peterson did not receive a check after the morning service. In the back of the church, a disagreement broke out between board members and Reverend Peterson. Board members told Reverend Peterson that he would receive his check if he attended a meeting scheduled for 5 p.m. that evening. He refused to attend the meeting.
Church members went to Reverend Peterson's house and urged him to do something about the incident. At the conclusion of service on Sunday, May 28, 1995, Reverend Peterson asked all visitors to leave and called a special meeting of the congregation to discuss what had occurred the previous Sunday. At the meeting, Reverend Peterson made the statement that the appellants had committed misconduct by withholding his paycheck. He also said, "sit down, shut up. No nine people tell me what to do." Following these statements, the church members voted to remove the appellants from the board. The meeting erupted into turmoil, people started screaming, and the police were called. After this incident, a lawsuit against other defendants was filed on June 12, 1995. On June 27, 1995, the trial court ordered that a recall election occur at a meeting scheduled for July 8, 1995. In that case, the trial court granted summary judgment in favor of the defendants, and this court affirmed that judgment. Austin v. Eason (Apr. 16, 1997), Medina App. No. 2585-M, unreported.
On May 14, 1996, the appellants filed a complaint in the Court of Common Pleas of Medina County. In their complaint, the appellants alleged that Reverend Peterson's statement that charged them with misconduct by withholding his check constituted slander. On June 4, 1997, Reverend Peterson moved for summary judgment. The appellants filed a response to Reverend Peterson's motion. On July 21, 1997, the trial court granted Reverend Peterson's motion for summary judgment based on the existence of a qualified privilege. The appellants timely appeal and raise a single assignment of error.
 ASSIGNMENT OF ERROR The trial court erred in granting summary judgment in favor of the Defendant.
The appellants allege that the trial court erred when it granted summary judgment in Reverend Peterson's favor. Specifically, the appellants aver that Reverend Peterson's statement that they committed misconduct by withholding his check was not protected by a qualified privilege. In addition, the appellants assert that, even if the statement was protected, there was clear and convincing evidence that it was made with actual malice.
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 5 87, 589. As an appellate court, we review the matter de novo and afford no deference to the trial court. Pennsylvania LumbermensIns. Corp. v. Landmark Elec., Inc. (1996), 110 Ohio App.3d 732,743; Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.
(1992), 81 Ohio App.3d 263, 267. The party that moves for summary judgment bears the initial burden of identifying evidence that demonstrates that there is no genuine issue of material fact regarding an essential element of the nonmoving party's claim. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party has satisfied its burden, the nonmoving party bears a reciprocal burden to set forth facts demonstrating that there is a genuine issue for trial. Vahila v. Hall, 77 Ohio St. 3
d at 429, citing Dresher v. Burt, 75 Ohio St.3d at 293. When the nonmoving party fails to meet this burden, summary judgment may be appropriately granted in favor of the moving party. Dresher v. Burt, 75 Ohio St.3d at 293.
In an action for defamation, a plaintiff must establish the existence of a false publication by the defendant to another that causes the plaintiff injury to his reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace, or affects him adversely in his trade or business. Ashcroft v. Mt.Sinai Medical Ctr. (1990), 68 Ohio App.3d 359, 365. Once a prima facie case for defamation is established, a defendant may avoid liability by establishing the defense of a qualified privilege. Mosley v. Evans (1993), 90 Ohio App.3d 633, 636;Hahn v. Kotten (1975), 43 Ohio St.2d 237, 243. Assuming,arguendo, that the appellants established a prima facie case for defamation, we will consider whether the parties met their respective burdens concerning the defense of a qualified privilege.
The purpose of a qualified privilege is to protect speakers in circumstances where there is a need for full and unrestricted communication concerning a matter in which the parties have an interest or duty. Hahn v. Kotten (1975),43 Ohio St.2d 237, 246, quoting West v. People's Banking TrustCo. (1967), 14 Ohio App.2d 69, 72. A qualified privilege exists when a statement is:
 made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest.
Hahn v. Kotten, 43 Ohio St.2d at 244, quoting 50 American Jurisprudence 2d 698, Libel and Slander, Section 195. The essential elements of a communication protected by qualified privilege are: "[1] good faith, [2] an interest to be upheld, [3] a statement limited in its scope to this purpose, [4] a proper occasion, and [5] publication made in a proper manner and to proper parties only." Jacobs v. Frank (1991), 60 Ohio St.3d 111,114, quoting Hahn v. Kotten, 43 Ohio St.2d at 246. See A B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. Constr. Trades Council (1995), 73 Ohio St.3d 1, 8 and 10-11. If a defendant establishes all five elements for the application of a qualified privilege, a plaintiff can defeat its application only by showing by clear and convincing evidence that the defendant acted with actual malice. Jacobs v. Frank,
60 Ohio St.3d at syllabus.
 A. Elements of Qualified Privilege 1. Good Faith
"Good faith" exists where the relationship between the publisher and the listener is such as to afford reasonable grounds for supposing an innocent motive for giving the information. A B-Abell Elevator Co. v. Columbus/Cent. OhioBldg. Constr. Trades Council, 73 Ohio St.3d at 10, quotingHahn v. Kotten (1975), 43 Ohio St.2d at 246. In determining the existence of good faith, a court is unconcerned with a defendant's particular motive. A B-Abell Elevator Co. v.Columbus/Cent. Ohio Bldg. Constr. Trades Council, 73 Ohio St. 3
d at 10. Moreover, the Supreme Court of Ohio noted:
 [The] "good faith" necessary to establish the privilege should not be confused with the issue of "state of mind" necessary to defeat it. * * * The issue of malice is consigned to the question of abuse of privilege. It does not arise unless a privilege is first found to exist. It is anomalous to suggest that the existence of a privilege is dependent upon that which is not called into play but for the existence of the privilege.
(Citations omitted.) Id. at 11. In A B-Abell Elevator Co.,
the Court held that a defendant's communications appeared to have been made in good faith where the defendant expressed statements as a concerned citizen to a city councilman and to the Department of Administrative Services that a successful bidder to a public works contract would not be able to provide quality service and, thus, would compromise the safety of the public. Id. at 10. The Court acknowledged that the statements were made to persons who would be expected to take action for the public interest involved. Id. at 10. Similarly, the Supreme Court has concluded that a defendant's communications to a board that had requested information about the plaintiff's fitness to practice podiatry were made in good faith. Jacobs v.Frank, 60 Ohio St.3d at 114.
In this case, Reverend Peterson asserted that his statement was made in good faith because he regularly received his paycheck each Sunday after service, the church members had requested that he call the special meeting and raise the check issue, and he asked all visitors to leave. The appellants argued that Reverend Peterson did not act in good faith because: (1) Reverend Peterson's statement was made to the congregation without investigation beforehand if the statement was true or false; (2) Reverend Peterson took the time to verify that four members of the board were not involved, but he did not inquire whether the appellants were involved in the withholding of the check; (3) Reverend Peterson knew that Billy Ray, one of the appellants, was not involved; (4) Reverend Peterson previously expressed a desire to remove the appellants from the board; and (5) after Reverend Peterson made his comment, the appellants were removed from the board, and Reverend Peterson received a raise and gained control of church finances.
The relationship between the church members and the Reverend, like the relationship between the citizen and the councilman inAB-A bell Elevator Co., affords reasonable grounds for supposing an innocent motive for providing information and thus fulfills the good faith element of the qualified privilege. Viewing the facts in a light most favorable to the appellants, we conclude that the appellants have nonetheless failed to point to evidence demonstrating that there is a genuine issue of fact with respect to whether Reverend Peterson made the statement in good faith.
 2. Interest Upheld
As noted above, whether the interest to be upheld is sufficient depends on whether the speaker and the listener possess a common interest in the communication. Hahn v. Kotten,43 Ohio St.2d at 244. The Second District Court of Appeals has observed that church members have an interest in the actions taken by a board concerning an employee of the church. Baker v.Spinning Rd Baptist Church, Inc. (Sept. 11, 1998), Montgomery App. No. 17052, unreported, 1998 Ohio App. LEXIS 4201 at * 14. The Eleventh District Court of Appeals has concluded that a pastor's ability to perform pastoral duties is an interest of church members for the purpose of a qualified privilege analysis. See Mosley v. Evans, 90 Ohio App.3d at 637.
Reverend Peterson pointed to the fact that both he and the church members have an interest in the payment of his compensation without interference from the board. The appellants did not dispute that Reverend Peterson has an interest in receiving his paycheck. Instead, the appellants argued that the facts reveal that the only interest to be upheld is Reverend Peterson's interest in removing the Board in order to gain control of the church. The appellants did not detail in their response to Reverend Peterson's motion for summary judgment what facts demonstrate that this was Reverend Peterson's sole interest, and they did not point to evidence showing that it was not in the church members' interest that their pastor receive his compensation. As a result, the appellants have failed to demonstrate that a genuine issue of fact exists regarding whether the church possessed an interest in Reverend Peterson receiving his check.
 3. Statement Limited in Its Scope to the Interest to Be Upheld
A letter from the deacons of a church pertaining to their concern about the leadership ability of the pastor and the future of the church if the pastor remained in his position was considered to be limited in scope to the interest being upheld for the purpose of applying a qualified privilege. SeeMosley v. Evans, 90 Ohio App.3d at 637. In this case, Reverend Peterson points to evidence that he limited his statements to the board's wrongful withholding of his check. In their response to Reverend Peterson's motion for summary judgment, the appellants did not address whether the Reverend's statement went beyond the scope of the interest to be upheld. Accordingly, the appellants have failed to show that a genuine issue of fact exists with respect to whether Reverend Peterson's statement was limited in its scope to the interest to be upheld.
 4. and 5. Proper Occasion, Proper Manner, and Proper Parties
The fourth and fifth elements that a defendant must show in order to establish a qualified privilege is that the communication was made (1) on a proper occasion, (2) in a proper manner, and (3) to proper parties. These elements were fulfilled in a case where a concerned citizen wrote a letter regarding the poor qualifications of a bidder to officials who were responsible for the selection of a bidder for a project. See AB-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. Constr. Trades Council, 73 Ohio St.3d at 10. Likewise, the fourth and fifth elements were met in a case where policyholders were contacted during the course of an insurance investigation regarding an agent who had allegedly withheld their premiums. See Hahn v. Kotten, 43 Ohio St.2d at 245-46.
Reverend Peterson pointed to the fact that his statement was made at a specially-called meeting of church members and board members to show that his statement was made on a proper occasion, in a proper manner, and to proper parties. Furthermore, church members had requested that Reverend Peterson take some type of action with respect to the check incident. The appellants pointed to evidence showing that proper notice of the meeting was not provided to them and to a court order that scheduled a meeting to discuss the removal of the board. The court order referred to by the appellants was journalized in the trial court on June 27, 1995. On May 28, 1995, no one could have possessed knowledge of the court-ordered meeting. The record also reveals that at least some board members were aware that Reverend Peterson did not receive his check the previous Sunday and thus had notice of that fact. Accordingly, the appellants have failed to demonstrate that a genuine issue of fact exists concerning whether Reverend Peterson made his statement at a proper occasion, in a proper manner, and to proper parties.
 B. Actual Malice
Once a defendant establishes the defense of qualified privilege, a plaintiff can demonstrate an abuse of the privilege only by showing that the a defendant made the statement with actual malice. Jacobs v. Frank, 60 Ohio St.3d at paragraph two of the syllabus. A defendant acts with "actual malice" when he acts with knowledge that the statements are false or with reckless disregard as to his statements' truth or falsity. Id.; Mosley v. Evans, 90 Ohio App.3d at 637. Reckless disregard as to falsity arises when a defendant is aware of a high probability of the falsity of his statement. See Jacobs v.Franks, 60 Ohio St.3d at 119, quoting Dupler v. MansfieldJournal (1980), 64 Ohio St.2d 116, 119. The determination of whether a party acts with knowledge of the falsity of a statement not only contemplates the objective truth or falsity of the statement, but also considers the subjective belief of the party. Jacobs v. Franks, 60 Ohio St.3d at 119. Furthermore, a failure to investigate before publication will not rise to the level of a reckless disregard for the truth or falsity of a statement required for actual malice unless a defendant entertains serious doubts as to the truth of his statements or the veracity or accuracy of his sources. AB-Abell Elevator Co.v. Columbus/Cent. Ohio Bldg. Constr. Trades Council, 73 Ohio St. 3
d at 12-13. The Eleventh District Court of Appeals has found that a pastor failed to establish actual malice on the basis of acting with reckless disregard as to the truth or falsity of a statement where the deacons who made the allegedly defamatory comment had a "factual foundation for their opinion concerning the effect of [the pastor's] health on his performance as pastor[.]" Mosley v. Evans,90 Ohio App.3d at 638.
To demonstrate an absence of actual malice, Reverend Peterson presented evidence that (1) the board was responsible for paying him each week, (2) he regularly received his paycheck after Sunday services, (3) he did not receive his check after Sunday services on May 21, 1995, and (4) he was told that he should attend a meeting at 5 p.m. that day if he wanted to receive his paycheck. To show that a genuine issue of fact exists regarding whether Reverend Peterson acted with actual malice, the appellants maintained that Reverend Peterson had knowledge that one member of the board who was on vacation was not responsible for the withholding of the check; that only one member of the board was actually responsible for the withholding of the check; and that Reverend Peterson investigated whether four board members were responsible for the withholding of the check, but had neglected to look into whether other members of the board were also not responsible.
The appellants failed to offer evidence demonstrating that Reverend Peterson had knowledge that only one member of the board was responsible for the withholding of his paycheck. In addition, Reverend Peterson stated that the board had withheld his check. He did not say that the one member of the board who was on vacation withheld his check, a statement that he would have subjectively known to be false.
The appellants have also failed to show a genuine issue of fact concerning whether Reverend Peterson communicated with reckless disregard for the truth or falsity of his statement because they do not assert or point to evidence that shows that Reverend Peterson entertained serious doubts as to the truth of his statements or the veracity or accuracy of his sources. Furthermore, the record reveals that Reverend Peterson's opinion that the board had committed misconduct had a factual foundation because (1) the board was responsible for Reverend Peterson receiving his check each week, (2) his check had been withheld on the previous Sunday, and (3) he was requested to attend a meeting in order to receive his check. Accordingly, we find that the appellants have failed to demonstrate that there is a genuine issue of fact concerning whether Reverend Peterson acted with actual malice.
We find that Reverend Peterson is entitled to an entry of summary judgment because, viewing the evidence in a light most favorable to the appellants, there are no genuine issues of fact regarding the existence of a qualified privilege and the absence of actual malice to defeat the privilege. Accordingly, summary judgment was properly granted in favor of Reverend Peterson. The judgment of the trial court is affirmed.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ------------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., DICKINSON, J., CONCUR