[Cite as *Sherman v. Univ. of Toledo*, 2011-Ohio-1849.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL D. SHERMAN

     Plaintiff

     v.

UNIVERSITY OF TOLEDO, et al.

     Defendants
     Case No. 2007-09062

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} On December 14, 2010, defendants filed a motion for summary judgment pursuant to Civ.R. 56(B). On January 6, 2011, plaintiff filed a response stating that additional time was needed for discovery. On February 3, 2011, the court issued an entry denying plaintiff's request for additional discovery, but granting plaintiff leave to February 11, 2011, to file a memorandum contra to defendants' motion.[1] On February 11, 2011, plaintiff filed a "supplemental pleading with regard to motion for summary judgment" wherein he reiterated that discovery was not complete.

{¶ 2} On February 15, 2011, the court granted plaintiff additional leave to February 28, 2011, to file a response to defendants' motion for summary judgment. On February 24, 2011, plaintiff filed a response, again asserting that discovery was not

---

[1]The court noted that the case was then scheduled for trial on March 14-16, 2011, that it had originally been scheduled for trial on July 20, 2009, and that it was continued from that date to December 11, 2009. The court's March 3, 2010 trial order extended the discovery deadline to November 15, 2010, and, in an entry dated October 26, 2010, the court denied plaintiff's September 29, 2010 motion to extend that

complete. Defendants' motion for summary judgment is now before the court for non-oral hearing pursuant to L.C.C.R. 4(D).

**{¶ 3}** Civ.R. 56(C) states, in part, as follows:

**{¶ 4}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 5}** Plaintiff filed this action alleging that Linda Bowyer, Ph.D., a colleague at defendant University of Toledo (UT), engaged in a course of conduct designed to interfere with, and cause the termination of, his employment as a UT professor. He also alleges that Dr. Bowyer defamed him with students. Defendants contend that they are entitled to judgment on both claims as a matter of law.

**{¶ 6}** With respect to the first claim, plaintiff contends that Dr. Bowyer, as a member of the personnel committee, interfered with and undermined faculty reviews of his performance, causing him to receive unfavorable evaluations. To the extent that plaintiff is claiming a tortious interference with contract, the elements of such claim are: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 1995-Ohio-61, paragraph two of the syllabus. In this case, plaintiff has not alleged, or provided evidence to substantiate, that defendants have committed a breach of his employment contract, or that he has suffered any compensable damages as a result.

---

deadline. The court found that plaintiff had not set forth sufficient reasons to justify the allowance of

Indeed, plaintiff continues to be both employed and tenured at UT. Accordingly, this claim must fail.

**{¶ 7}** The crux of plaintiff's complaint is his claim of defamation. "Defamation is defined as 'the unprivileged publication of a false and defamatory matter about another * * * which tends to cause injury to a person's reputation or exposes him to public hatred, contempt, ridicule, shame or disgrace * * *.' *McCartney v. Oblates of St. Francis deSales* (1992), 80 Ohio App.3d 345, 353. As suggested by the definition, a publication of statements, even where they may be false and defamatory, does not rise to the level of actionable defamation unless the publication is also unprivileged. Thus, the threshold issue in such cases is whether the statements at issue were privileged or unprivileged publications." *Sullivan v. Ohio Dept. of Rehab.& Corr.,* Ct. of Cl. No. 2003-02161, 2005-Ohio-2122, ¶8.

**{¶ 8}** Privileged statements are those that are "made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest. The essential elements thereof are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only." *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 244, quoting 50 Am.Jur.2d 698, Libel and Slander, Section 195.

**{¶ 9}** Furthermore, a qualified privilege can be defeated only by clear and convincing evidence of actual malice. *Bartlett v. Daniel Drake Mem. Hosp.* (1991), 75 Ohio App.3d 334, 340. "Actual malice" is "acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity." *Jacobs v. Frank* (1991), 60 Ohio St.3d 111, 116.

**{¶ 10}** Plaintiff contends that Dr. Bowyer defamed him by making negative comments to students as to his teaching methods and practices, and by advising students to choose other professors over him for certain courses. Plaintiff also suggests that Dr. Bowyer made defamatory statements about him to the personnel

---

additional discovery.

review committee. However, plaintiff has not alleged any facts nor offered any evidence regarding the specific content of such statements, their truth or falsity, or even whether any such statements were actually made. In a May 23, 2008 immunity hearing held before this court, Dr. Bowyer testified that she was not aware of any negative comments she made to students regarding plaintiff's teaching skills or whether a particular student should take a course from him or another professor. She stated that her approach to such questions was to explain that professors have their own way of presenting course material and that students, in turn, have their own learning style. With regard to comments to UT staff, Dr. Bowyer acknowledged that on several occasions she had been "very critical" of plaintiff in the presence of other staff members. Plaintiff also testified at the immunity hearing but did not rebut any of Dr. Bowyer's statements regarding her communications with UT students or staff.

{¶ 11} The court finds that even if Dr. Bowyer made any arguably defamatory statements against plaintiff, such statements would be subject to a qualified privilege. As explained in *Hahn v. Kotten*, supra, "'[a]ll that is necessary to entitle * * * communications to be regarded as privileged is, that the relation of the parties should be such as to afford reasonable ground for supposing an innocent motive for giving information, and to deprive the act of an appearance of officious intermeddling with the affairs of others.'" Id. at 246, quoting *West v. People's Banking & Trust Co.* (1967), 14 Ohio App.2d 69. "'*The privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest or duty, and is not restricted within any narrow limits.*'" Id. (Emphasis in original.) (Additional citations omitted.) Here, plaintiff has produced no evidence that any alleged defamatory statements were made outside the context of Dr. Bowyer's interests or duties as a student advisor or personnel committee member. Finally, plaintiff has produced no evidence that Dr. Bowyer acted at any time with actual malice.

{¶ 12} Civ.R. 56(E) provides in pertinent part:

{¶ 13} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If

the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 14} Plaintiff has failed to set forth any specific facts showing that there is a genuine issue for trial on either of his claims. Accordingly, construing the evidence most strongly in plaintiff's favor, the court concludes that defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment shall be granted and judgment shall be rendered in favor of defendants.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL D. SHERMAN

     Plaintiff

     v.

UNIVERSITY OF TOLEDO, et al.

     Defendants
     Case No. 2007-09062

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

A non-oral hearing was conducted in this case upon defendants' motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendants' motion for summary judgment is GRANTED and judgment is

rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Bruce C. French                     Randall W. Knutti
P.O. Box 839                        Assistant Attorney General
Lima, Ohio 45802-0839               150 East Gay Street, 18th Floor
                                    Columbus, Ohio 43215-3130

LH/cmd
Filed March 22, 2011
To S.C. reporter April 12, 2011