[Cite as *Allgood v. Ohio State Univ. Med. Ctr.*, 2011-Ohio-1428.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VERITA ALLGOOD

    Plaintiff

    v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

    Defendant
    Case No. 2010-04394

Judge Alan C. Travis

DECISION

**{¶ 1}** On November 23, 2010, the court conducted an evidentiary hearing to determine whether David Hirsh, M.D. is entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86. Upon review of the testimony and evidence presented at the hearing, the court makes the following determination.

**{¶ 2}** R.C. 2743.02(F) states, in part:

**{¶ 3}** "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

**{¶ 4}** R.C. 9.86 states, in part:

**{¶ 5}** "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

**{¶ 6}** Plaintiff was a patient of Dr. Hirsh at The Ohio State University Medical Center (OSUMC) Havener Eye Institute from July 11, 2006 through October of 2008. According to plaintiff's complaint, Dr. Hirsh initially treated plaintiff for pseudotumor cerebri for which he prescribed Diamox until July 2007. Plaintiff asserts that she returned to Dr. Hirsh with recurring symptoms of pseudotumor cerebri in August of 2008, and was again prescribed Diamox. Plaintiff claims that on September 15, 2008, she underwent a lumbar puncture whereupon Dr. Hirsh increased her Diamox dosage. According to plaintiff's complaint, a second lumbar puncture was performed on October 28, 2008, after which plaintiff experienced decreased vision. She was thereupon admitted to OSUMC, where a shunt was installed. Plaintiff asserts that defendant failed to monitor her condition and failed to take action to prevent the progression of the pseudotumor cerebri, which led to blindness in her left eye.

**{¶ 7}** On January 1, 2005, Dr. Hirsh became a Clinical Assistant Professor of Ophthalmology in the Department of Ophthalmology at The Ohio State University (OSU). (Defendant's Exhibit 2.) This was a 100 percent appointment to the auxiliary faculty. (Defendant's Exhibit 2.) On June 16, 2005, he was offered a full-time regular clinical faculty position as Assistant Professor-Clinical Ophthalmology, in the Department of Ophthalmology at OSU. (Defendant's Exhibit 3.) The full-time position became effective on July 1, 2005, for a five-year term. (Defendant's Exhibit 3.) Dr. Robert Bornstein, senior associate dean for academic affairs at OSU College of Medicine, testified that Dr. Hirsh still serves in this position.

**{¶ 8}** As part of his OSU appointment, Dr. Hirsh is required to perform full-time clinical services at OSUMC and OSU East. (Defendant's Exhibit 3.) Dr. Hirsh testified that he presently sees patients at the Havener Eye Institute, the Havener Eye Institute's satellite office in Dublin, Ohio and at the Columbus Veterans' Administration Medical Clinic on Tuesdays.

{¶ 9}  Dr. Hirsh testified that he treated plaintiff at the Havener Eye Institute at its former location in Cramblett Hall and at the current location on Olentangy River Road. Dr. Hirsh recalled seeing plaintiff at the current location after August of 2008.  He explained that the Havener Eye Institute is a part of OSU and is an approved practice site of OSU.  Dr. Hirsh testified that plaintiff was a patient of OSU.

{¶ 10} Dr. Hirsh testified as to his duties as a member of OSU's full-time regular clinical faculty.  He testified that, from 2005 through the present time, he has never been engaged in private practice outside of his faculty appointment at OSU.  Dr. Hirsh's employment letter states, in part:  "You should understand that this is a 100% FTE position with 100 percent of your professional efforts being devoted to the Department of Ophthalmology."  (Defendant's Exhibit 3.)  Further, Dr. Hirsh testified that Dr. Mauger, the chairman of the Department of Ophthalmology, directs Dr. Hirsh's practice and informs him of the locations where he is required to provide clinical care.  Dr. Hirsh testified that no one outside of OSU directs his practice of medicine in any way.

{¶ 11} As senior associate dean for academic affairs at OSU College of Medicine, Dr. Bornstein testified that he is familiar with the duties and responsibilities of the faculty at OSU College of Medicine.  Dr. Bornstein stated that Dr. Hirsh was not permitted to maintain a private practice of medicine outside of OSU due to his position as a full-time clinical faculty member.  Dr. Bornstein explained that faculty members cannot practice medicine outside of OSU unless they have explicit permission from the Dean.  Dr. Bornstein reviewed Dr. Hirsh's personnel file; he testified that Dr. Hirsh has never requested permission to practice outside of OSU.  He stated that OSU controls all of Dr. Hirsh's clinical and professional activities and that all of his billing to patients is provided through OSU's approved practice plan.

{¶ 12} Dr. Hirsh's responsibilities, as set forth in his employment letter, state that he is to engage in full-time clinical services (Defendant's Exhibit 3), and that clinical activity is the primary employment responsibility of his faculty position.  According to Dr. Bornstein, Dr. Hirsh's treatment of plaintiff was not a teaching activity, but it was a "practice activity."  He stated that Dr. Hirsh's treatment of plaintiff was "unequivocally" part of his faculty duties inasmuch as all of Dr. Hirsh's professional efforts had to be devoted to the Department of Ophthalmology at OSU.

{¶ 13} Plaintiff argues that Dr. Hirsh is not immune from liability inasmuch as he was employed by OSU Physicians, Inc. (OSUP) and he cannot provide proof that a resident or medical student was present when he treated plaintiff. Dr. Hirsh testified that he considers himself an employee of OSU but that he also receives a paycheck from OSUP. Dr. Bornstein testified that Dr. Hirsh participated in the College Central Practice Group, as required by his letter of employment with OSU. (Defendant's Exhibit 3.) Dr. Bornstein stated that OSUP is the approved OSU College of Medicine Central Practice Group. He explained that OSUP is the billing and collections agency that was established by OSU to issue bills and collect fees for the clinical services rendered by OSU faculty physicians.

{¶ 14} Whether a faculty physician was acting within his teaching capacity when treating a patient is relevant if the physician also maintains a private practice. See *Theobald v. Univ. of Cincinnati,* 111 Ohio St.3d 541, 2006-Ohio-6208. Based upon the evidence presented at the immunity hearing, the court finds that Dr. Hirsh does not maintain a private practice of medicine. The court further finds that plaintiff was a patient of OSU; that Dr. Hirsh is a full-time clinical faculty member of OSU; that OSU controlled 100 percent of Dr. Hirsh's clinical activities; that Dr. Hirsh is not permitted to maintain a private practice; and that OSUP is the "business arm" that collects fees for services rendered by the faculty physicians of OSU. Inasmuch as no evidence was presented at the evidentiary hearing suggesting that Dr. Hirsh maintains a private practice, the court finds that Dr. Hirsh is immune from any civil liability resulting from his treatment of plaintiff.

{¶ 15} Based upon the totality of the evidence presented, the court finds that Dr. Hirsh acted within the scope of his employment with defendant at all times relevant hereto. The court further finds that Dr. Hirsh did not act with malicious purpose, in bad faith, or in a wanton or reckless manner toward plaintiff. Consequently, Dr. Hirsh is entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F). Therefore, the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

# Court of Claims of Ohio

VERITA ALLGOOD

    Plaintiff

    v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

    Defendant
    Case No. 2010-04394

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

The court held an evidentiary hearing to determine civil immunity pursuant to R.C. 9.86 and 2743.02(F). Upon hearing all the evidence and for the reasons set forth in the decision filed concurrently herewith, the court finds that David Hirsh, M.D. is entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

                                _____
                                ALAN C. TRAVIS
                                Judge

cc:

David I. Shroyer
536 South High Street
Columbus, Ohio 43215

Jeffrey L. Maloon
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

JSO/cmd
Filed March 8, 2011
To S.C. reporter March 22, 2011