[Cite as *Schneider v. Univ. of Cincinnati*, 2013-Ohio-4852.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID W. SCHNEIDER

    Plaintiff

    v.

UNIVERSITY OF CINCINNATI

    Defendant

Case No. 2012-04642

Judge Patrick M. McGrath
Magistrate Holly True Shaver

JUDGMENT ENTRY

{¶ 1} On March 22, 2013, the magistrate recommended finding that Diya Mutasim, M.D., is entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision *within fourteen days of the filing of the decision*, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." (Emphasis added.)

{¶ 3} On April 9, 2013, 18 days after the filing of the magistrate's decision, plaintiff filed his objections. On April 12, 2013, defendant filed a motion to strike plaintiff's objections as untimely. On April 25, 2013, plaintiff filed a combined response to defendant's motion and motion for an extension of time "so that his objection might be allowed to be filed out of time." Plaintiff contends that the objections were placed in the mail on April 4, 2013, with the expectation that the objections would reach the court timely. On May 6, 2013, defendant filed a memorandum contra.

{¶ 4} As an initial matter, the court notes that plaintiff's objections were untimely filed. Additionally, plaintiff sought leave to extend the time to file objections after the time period for filing objections had passed. Pursuant to Civ.R. 53(D)(3)(b)(i) and 53(D)(5), a party may file objections within 14 days of the filing of the magistrate's decision and for good cause shown, the court shall allow a reasonable extension of time to file objections. Civ.R. 6(B)(2) states, in part, that when an act is required to be done within a specified time, the court for cause shown may in its discretion "(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *."

{¶ 5} The magistrate's March 22, 2013 decision expressly and conspicuously advised the parties of their right to object to factual findings or legal conclusions within 14 days. "If no timely objections are filed, the trial court may adopt the magistrate's decision unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." *Watley v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 07AP-902, 2008-Ohio-3691, ¶ 17. Accordingly, the court is under no duty to consider plaintiff's untimely objections and the court determines that there is no error of law or other defect evident on the face of the magistrate's decision. However, in the interests of justice, the court will consider the merits of plaintiff's objections. Accordingly, defendant's April 12, 2013 motion to strike is DENIED and plaintiff's April 25, 2013 motion for an extension of time is GRANTED instanter.

{¶ 6} The crux of plaintiff's objections is that Dr. Mutasim acted outside the scope of his state employment and that the magistrate erred in finding that Dr. Mutasim is entitled to immunity. Namely, plaintiff contends that Dr. Mutasim was not engaged in teaching residents each time plaintiff's prescription for Chloroquine was refilled.[1]

{¶ 7} The magistrate determined that Dr. Mutasim was a state employee and that he was acting on behalf of the state at all times during his treatment and care of plaintiff.

The magistrate found that even though residents were not involved during the prescription renewal process, Dr. Mutasim was engaged in his duties as a state employee at all times relevant inasmuch as he educated residents when plaintiff was examined during office appointments when the medication was initially prescribed. Additionally, the magistrate found that Dr. Mutasim's duties of state employment included providing clinical care to patients such as plaintiff.

{¶ 8} "[I]n an action to determine whether a physician or other health-care practitioner is entitled to personal immunity from liability pursuant to R.C. 9.86 and 2743.02(A)(2), the Court of Claims must initially determine whether the practitioner is a state employee. * * * If the court determines that the practitioner is a state employee, the court must next determine whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured.  If not, then the practitioner was acting 'manifestly outside the scope of employment' for purposes of R.C. 9.86." *Theobald v. Univ. of Cincinnati,* 111 Ohio St.3d 541, 2006-Ohio-6208, ¶ 30-31; *see also Engel v. Univ. of Toledo College of Med.,* 130 Ohio St.3d 263, 2011-Ohio-3375, ¶ 6. "[T]he question of scope of employment must turn on what the practitioner's duties are as a state employee and whether the practitioner was engaged in those duties at the time of an injury." *Theobald, supra,* at ¶ 23. "If there is evidence that the practitioner's duties include the education of students and residents, the court must determine whether the practitioner was in fact educating a student or resident when the alleged negligence occurred."  *Id.* at ¶ 31.

{¶ 9} It is undisputed that Dr. Mutasim is a state employee; the issue is whether he was acting on behalf of the state when plaintiff was alleged to have been injured. Upon review of the transcript, the court agrees with the magistrate's conclusions that Dr. Mutasim's duties of employment included providing clinical care to patients such as plaintiff, that his employment as a professor mandated being a member of the

---

[1]A transcript of the hearing was filed with the court on February 13, 2013.

university's practice plan, and that plaintiff was treated as a patient through the university's practice plan.  Dr. Mutasim was engaged in such duties both when he saw plaintiff during office visits and when the Chloroquine prescription was refilled.  The fact that residents were not present when the prescription was refilled does not change this analysis.  *See Ries v. Ohio State Univ. Med. Ctr.,* 10th Dist. No. 11AP-1004, 2012-Ohio-1766, ¶ 12-13; *see also Allgood v. Ohio State Univ. Med. Ctr.,* Ct. of Cl. No. 2010-04394, 2011-Ohio-1428; *Schoewe v. Univ. of Toledo*, Ct. of Cl. No. 2009-07369 (Oct. 24, 2011).  Dr. Mutasim was engaged in his duties as a state employee at the time he rendered care to plaintiff.  Accordingly, the court agrees with the magistrate's recommendation and plaintiff's objections shall be overruled.

{¶ 10} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law.  Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.  The court determines that Dr. Mutasim is entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

{¶ 11} Inasmuch as all claims against defendant were dismissed on October 31, 2012, and this case remained pending for the limited purpose of determining whether Dr. Mutasim is entitled to immunity, plaintiff's complaint is DISMISSED in its entirety.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Brian M. Kneafsey, Jr.
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Eric C. Deters
635 West 7th Street, Suite 401
Cincinnati, Ohio 45203

John Forgy
83 C. Michael Davenport Boulevard
Frankfort, Kentucky 40601

007
Filed June 6, 2013
To S.C. Reporter October 31, 2013