OPINION
{¶ 1} Plaintiff-appellant, Rayshan Watley ("appellant"), pro se, appeals from a judgment of the Court of Claims of Ohio denying his motion for summary judgment and granting the motion for summary judgment filed by defendant-appellee, Ohio Department of Rehabilitation and Correction ("appellee"). For the following reasons, we affirm that judgment. *Page 2 
 {¶ 2} On October 20, 2006, appellant, then an inmate at the Southern Ohio Correctional Facility, [1] filed a complaint against appellee asserting a claim for libel. More specifically, appellant alleged that in December 2005, Brian Felts, a corrections officer employed by appellee, filed a written conduct report falsely accusing appellant of "head butt[ing]" another inmate. Complaint at ¶ 1. The filing of the conduct report resulted in appellant being placed under security control status. Id. ¶ 2. The Rules Infraction Board ("RIB") reviewed a videotape of the incident and determined that Felts' report was false. Id. at ¶ 3-4. Appellant claimed that Felts "did maliciously and purposely commit[ ] libel with intent to cause harm," as "the act of headbutting another inmate is assault[ ] and if found guilty [appellant] would have recieved [sic] extra time from the parole board." Id. at ¶ 5-6. On November 20, 2006, appellee filed an answer, asserting, inter alia, the defense of qualified privilege.
 {¶ 3} On December 13, 2006, appellant filed a motion for leave to amend his complaint in order to "cure the defects in the original filings." Along with the motion, appellant filed an amended complaint, which included more detailed information about his libel claim. More particularly, appellant asserted that on December 13, 2005, Felts maliciously filed a false written conduct report alleging that while on the recreation chain, appellant attempted to strike another inmate and made threats to the recreation staff. Amended Complaint at ¶ 1. At a hearing on December 23, 2005, the RIB reviewed a videotape of the incident, determined that appellant neither fought with nor made any aggressive movement toward the other inmate and, accordingly, found appellant not guilty of fighting or making threats to the staff. Id. at ¶ 2-4. Appellant claimed that Felts *Page 3 
libeled him by filing a false written conduct report and that Felts did so with malicious intent in order to have appellant placed in segregation and on recreational restriction. Id. at ¶ 5-6.
 {¶ 4} In an entry filed January 16, 2007, the trial court, finding that appellant "seeks the amendment to assert a claim for relief based upon an allegedly libelous communication that was made subsequent to the filing of the original complaint," construed appellant's motion as one for leave to supplement the complaint, pursuant to Civ. R. 15(E), and granted it. On February 7, 2007, appellee filed an answer to appellant's supplemental complaint, once again asserting, inter alia, the defense of qualified privilege.
 {¶ 5} On May 22, 2007, appellant filed a motion for summary judgment, asserting that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law on his libel claim. In his motion, appellant reiterated the facts as set forth in his original and supplemental complaints. In addition, appellant averred that following the disposition by the RIB, he filed a grievance against Felts and that the inspector of institutional services recommended that disciplinary action be taken against Felts for filing the false conduct report. Appellant further asserted that appellee was not entitled to the defense of qualified privilege because Felts purposely and maliciously wrote the conduct report knowing that it was false.
 {¶ 6} In support of his motion, appellant attached uncertified copies of four documents. The first document is the conduct report filed by Felts on December 13, 2005. Exhibit A. Therein, Felts asserted that appellant and another inmate began fighting on the recreation chain; both made several attempts to strike one another. Felts *Page 4 
and another corrections officer removed appellant from the recreation chain. As they escorted appellant back to his cell, he repeatedly threatened the recreation staff. Felts asserted that appellant's actions constituted violations of Rule 21 — Disobedience of a Direct Order, Rule 8 — Threatening Bodily Harm to Another, Rule 19 — Fighting With or Without a Weapon, and Rule 18 — Encouraging or Creating a Disturbance.
 {¶ 7} The second document, dated December 23, 2005, is the RIB's disposition sheet finding appellant not guilty of the violations alleged in the conduct report. Exhibit B. Specifically, the disposition sheet indicates that the RIB reviewed the videotape of the incident and saw that appellant was not fighting and made no aggressive movements toward the other inmate.
 {¶ 8} The third document, dated December 22, 2005, is the "notification of grievance" appellant filed against Felts. Exhibit C. Therein, appellant asserted that Felts repeatedly wrote false conduct reports against him in order to harass him and to keep him from attending recreation. In support of his grievance, appellant cited the RIB's "not guilty" disposition of Felts' December 13, 2005 conduct report.
 {¶ 9} The final document, dated December 28, 2005, is an unsigned copy of the "disposition of grievance" filed by the inspector of institutional services. Exhibit D. Therein, the inspector noted that appellant had been found not guilty of the violations asserted in Felts' December 13, 2005 conduct report. The inspector further stated:
 The results of this will be forwarded to the Warden for his disposition. While you claim that Officer Felts "repeatedly" writes false tickets, this is the first that can be corroborated. Appropriate disciplinary action, if warranted, will follow.
 Therefore, this office considers your grievance to be resolved and will take no further action. *Page 5 
 {¶ 10} On May 25, 2007, appellant filed an affidavit in support of his motion for summary judgment. Therein, appellant attested that he never attempted to strike the other inmate, was not fighting on the recreation chain, and did not make any threats against the recreation staff. May 25, 2007 affidavit at ¶ 1-2. He further attested that Felts filed the false conduct report "with malicious intent and to get [appellant] placed in segregation and on rec[reation] restriction." Id. at ¶ 3. Appellant further averred that the videotape of the incident demonstrated that he did not commit the acts alleged in the conduct report and that Felts "blatantly committed libel with his false statements." Id. at ¶ 4-5.
 {¶ 11} On June 4, 2007, appellee filed a memorandum contra appellant's motion for summary judgment and a motion for summary judgment. In its motion, appellee averred there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. Specifically, appellee argued that (1) appellant failed to set forth evidence establishing a prima facie case of defamation, (2) appellee was protected by a qualified privilege which precluded any liability for defamation, and (3) appellant failed to set forth evidence to overcome appellee's qualified privilege.
 {¶ 12} In support of its motion, appellee attached Felts' sworn affidavit. Therein, Felts averred that on December 13, 2005, he observed a fight break out among inmates on a recreation chain and then assisted in breaking up the fight. June 1, 2007 affidavit, at ¶ 3. Based upon his "senses, knowledge, and experience as a correctional officer," he filed a written conduct report against appellant asserting violations for, inter alia, fighting and threatening bodily harm to another. Id. at ¶ 4. He wrote the report as "part of [his] duty, on behalf of DRC, to maintain the safety and security of SOCF." Id. at ¶ 5. When he *Page 6 
wrote the conduct report, he believed that appellant had violated the rules listed in the conduct report. Id. at ¶ 6.
 {¶ 13} The trial court referred the matter to a magistrate for disposition. Following an oral hearing, the magistrate, on August 28, 2007, issued a decision recommending that appellant's motion for summary judgment be denied, that appellee's motion for summary judgment be granted, and that judgment be rendered in favor of appellee. Following a brief discussion of the law pertaining to defamation and the defense of qualified privilege, the magistrate stated:
 Based upon the uncontested affidavit testimony of Felts, the only reasonable conclusion to draw is that [appellee] is protected by qualified privilege for the statements contained in the conduct report authored by Felts. [Appellant] presented no evidence to support the conclusion that the statements were made by Felts with actual malice. Therefore, [appellee] is entitled to judgment as a matter of law.
August 28, 2007 Magistrate Decision at 3.
 {¶ 14} On September 14, 2007, appellant filed an objection to the magistrate's decision, maintaining that contrary to the magistrate's assertions, he had submitted evidence demonstrating that Felts made the statements included in the conduct report with actual malice. Appellant specifically noted the RIB disposition sheet finding him not guilty of the infractions asserted in the conduct report, the institutional inspector's grievance disposition recommending disciplinary action against Felts for writing a false conduct report, and his own affidavit declaring that Felts maliciously authored the false conduct report. Appellant asserted that this evidence "outweigh[ed]" Felts' affidavit and "prove[d] [his] claim." *Page 7 
 {¶ 15} In a judgment entry filed October 5, 2007, the trial court noted initially that appellant's objections were untimely, having been filed outside the 14-day limit set forth in Civ. R. 53(D)(3)(b)(i). The trial court further found that appellant's objection reiterated the same argument he presented in his motion for summary judgment and at the oral hearing. The court determined that there was no error of law or other defect evident on the face of the magistrate's decision. Accordingly, the trial court adopted the magistrate's decision and recommendation as its own, denied appellant's motion for summary judgment, granted appellee's motion for summary judgment, and rendered judgment in favor of appellee. From this judgment, appellant appeals, advancing the following three assignments of error:
 [1]. [T]he court errored [sic] in denying [appellant's'] discovery request in obtaining the inspector[']s report and the warden[']s report regarding the disciplinary action taken against [O]fficer [F]elts regarding the false conduct report filed on [appellant].
 [2]. [T]he court errored [sic] in granting [appellee's] motion for summary judgment.
 [3]. [T]he court abused its discretion in not addressing [appellant's] evidence in his motion for summary judgement.
 {¶ 16} In order to facilitate our disposition of this appeal, we shall address appellant's second and third assignments of error simultaneously and prior to our discussion of appellant's first assignment of error. Further, a review of the second and third assignments of error reveals that they relate to and arise from the August 28, 2007 magistrate's decision. Therefore, this court must first address appellee's contention regarding the timeliness of appellant's objections to the magistrate's decision before considering the merits of these assignments of error. *Page 8 
 {¶ 17} Pursuant to Civ. R. 53(D)(3)(b)(i), a party has 14 days to file written objections to a magistrate's decision. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Civ. R. 53(D)(3)(b)(iv). Thus, Civ. R. 53 "imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision." In re Estate ofSheares, Franklin App. No. 07AP-02, 2007-Ohio-3624, at ¶ 8, quotingState ex rel. Alston v. Indus. Comm., Franklin App. No. 00AP-1379, 2002-Ohio-4720, at ¶ 4, quoting Huffman v. Huffman (June 21, 2000), Mahoning App. No. 98 CA 136 (decided under former analogous section Civ. R. 53[E][3][b]). Further, "the Supreme Court of Ohio has held that pursuant to former analogous Civ. R. 53(E)(3)(b), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any findings of fact or conclusions of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule." Id., citing Buford v. Singleton, Franklin App. No. 04AP-904,2005-Ohio-753, citing State ex rel. Booher v. Honda of Am. Mfg.,Inc. (2000), 88 Ohio St.3d 52. If no timely objections are filed, the trial court may adopt the magistrate's decision unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision. Civ. R. 53(D)(4)(c).
 {¶ 18} The magistrate's decision at issue in this case was filed on August 28, 2007; it expressly and conspicuously advised appellant that he had 14 days in which to file objections. In addition, the magistrate's decision informed appellant that he could not *Page 9 
assign as error on appeal the court's adoption of any factual finding or legal conclusion unless he timely and specifically objected to the same. The magistrate thus fulfilled his obligation under Civ. R. 53 and provided the requisite notice to appellant. Despite this notice, appellant did not file his objection until September 14, 2007, three days beyond the 14-day period following the magistrate's decision. Accordingly, the trial court did not err in determining that the objection was untimely pursuant to Civ. R. 53(D)(3)(b)(i). As such, the objections are also waived for purposes of appeal since appellant did not timely file his objections to the magistrate's decision. Civ. R. 53(D)(4)(c); Brown v. Zurich US, 150 Ohio App.3d 105, 2002-Ohio-6099, at ¶ 27; O'Connor v. Trans World Serv., Inc., Franklin App. No. 05AP-560,2006-Ohio-2747, at ¶ 8; In re Jaric, Mahoning App. No. 04 MA 142,2006-Ohio-7066, at ¶ 28.
 {¶ 19} Nevertheless, this court has held that when a party fails to file objections to a magistrate's decision, an appellate court may still review the decision for plain error. Brown, at ¶ 28; O'Connor, at ¶ 11. "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself."Sheares, citing Uretsky v. Uretsky, Franklin App. No. 02AP-1011, 2003-Ohio-1455, at ¶ 7, citing Goldfuss v. Davidson (1997),79 Ohio St.3d 116, syllabus.
 {¶ 20} Upon review, we do not find that this matter presents exceptional circumstances necessitating plain error review. However, in the interest of justice, we will review the merits of appellant's arguments. *Page 10 
 {¶ 21} Appellant contends in his second assignment of error that the trial court improperly granted summary judgment to appellee. In his related third assignment of error, appellant contends the trial court failed to consider the evidence he submitted in support of his motion for summary judgment.
 {¶ 22} Appellate review of a summary judgment disposition is de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162, citing Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Bank Corp. (1997),122 Ohio App.3d 100, 103, citing Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445. Civ. R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. RelationsBd. (1997), 78 Ohio St.3d 181, 183, citing Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 23} When proper evidence supports a motion for summary judgment, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ. R. 56, must set forth specific facts showing a genuine issue for trial. Civ. R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts entitling him to relief. Wing v. Anchor Media, Ltd. of *Page 11 Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ. R. 56(E).
 {¶ 24} Initially, we note that the trial court erroneously found that appellant did not submit any evidence in support of his motion for summary judgment. As noted previously, appellant attached to his motion for summary judgment uncertified copies of the conduct report filed by Felts on December 13, 2005, the RIB's disposition sheet finding appellant not guilty of the violations alleged in the conduct report, the grievance appellant filed against Felts for filing the false conduct report, and the institutional inspector's disposition of that grievance. Although these materials are not of the type specifically authorized by Civ. R. 56(C), nor were they incorporated by reference in a properly framed affidavit, appellee neither moved to strike nor otherwise objected to these materials. To the contrary, appellee asserted in its motion for summary judgment that "the conduct report and the decision of the Rules Infraction Board speak to the material facts of this case. Neither party disputes the authenticity or relevance of these documents." Appellee's June 4, 2007 Motion for Summary Judgment at 5. Further, three days after he filed his motion for summary judgment, appellant submitted his own affidavit in support of his motion. As our review of the parties' cross-motions for summary judgment is de novo, we will consider appellant's materials as well as those submitted by appellee.
 {¶ 25} Appellant contends that Felts defamed him by writing a false conduct report accusing him of fighting with another inmate. Appellee claims that it is cloaked with a qualified privilege that protects the statements Felts made in the conduct report. *Page 12 
 {¶ 26} "Defamation is the unprivileged publication of a false and defamatory matter about another." McCartney v. Oblates of St. FrancisdeSales (1992), 80 Ohio App.3d 345, 353, citing McCarthy v. CincinnatiEnquirer, Inc. (1956), 101 Ohio App. 297. A defamatory statement is one which tends to cause injury to a person's reputation or exposes him to public hatred, contempt, ridicule, shame or disgrace or adversely affects him in his trade or business. Id., citing Matalka v.Lagemann (1985), 21 Ohio App.3d 134, 136. A defamatory statement expressed in writing is considered libel. McPeek v. Leetonia Italian-Am.Club, 174 Ohio App.3d 380, 2007-Ohio-7218, at ¶ 18, citing Garner, Black's Law Dictionary (7th Ed. 1999) 927. To succeed on a defamation claim, a plaintiff must establish: (1) a false statement, (2) about the plaintiff, (3) published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) the statement was either defamatory per se or caused special harm to the plaintiff. Id., citing Gosden v. Louis (1996), 116 Ohio App.3d 195, 206.
 {¶ 27} The Supreme Court of Ohio has held that there is a qualified-privilege defense to a claim of defamation in certain instances. In Hahn v. Kotten (1975), 43 Ohio St.2d 237, the court explained the nature of communications that are subject to a conditional or qualified privilege, as follows:
 "A publication is conditionally or qualifiedly privileged where circumstances exist, or are reasonably believed by the defendant to exist, which cast on him the duty of making a communication to a certain other person to whom he makes such communication in the performance of such duty, or where the person is so situated that it becomes right in the interests of society that he should tell third persons certain facts, which he in good faith proceeds to do. This general idea has been otherwise expressed as follows: A communication made in good faith on any subject matter in which the person communicating has an interest, or in *Page 13 
reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which, without this privilege, would be actionable, and although the duty is not a legal one, but only a moral or social duty of imperfect obligation. The essential elements of a conditionally privileged communication may accordingly be enumerated as good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only. The privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest or duty, and is not restricted within any narrow limits."
Id. at 245-246, quoting West v. Peoples Banking Trust Co. (1967), 14 Ohio App.2d 69, 72, citing 33 American Jurisprudence 124, Section 126.
 {¶ 28} The qualified-privilege defense is "deeply rooted in public policy." A B-Abell Elevator Co., Inc. v. Columbus/Cent. Ohio Bldg. Const. Trades Council (1995), 73 Ohio St.3d 1, 8. The defense "applies in a variety of situations where society's interest in compensating a person for loss of reputation is outweighed by a competing interest that demands protection." Id. Moreover, "the privilege does not attach to the communication, but to the occasion on which it is made." Id. "It does not change the actionable quality of the publication, but heightens the required degree of fault." Id.
 {¶ 29} "Public interest" is one such interest protected by a qualified privilege. Id. "The `public interest' privilege `involves communications made to those who may be expected to take official action of some kind for the protection of some interest of the public'" Id., quoting Prosser Keeton, The Law of Torts (5 Ed. 1984) 830, Section 115. The Supreme Court of Ohio recognized such a privilege in Jacobs v. Frank (1991),60 Ohio St.3d 111. There, the court held that "[p]ublic policy concerns dictate that those who provide information to licensing boards pursuant to R.C. 2305.25 be given a qualified *Page 14 
privilege in order to aid in the dissemination of information to those boards, thereby improving the quality of health care administered to the general public." Id., at paragraph one of the syllabus. The court further explained that "the public has an interest in ensuring that only qualified persons are licensed to practice podiatry." Id. at 114.
 {¶ 30} The same reasoning applies here. Public policy concerns dictate that persons employed within the prison system, especially correction officers who are directly involved with the inmate population, be afforded a qualified privilege in reporting violations of prison rules in order to maintain the safety and security of the institution, its prisoners, and its employees. "Prisons are inherently dangerous institutions and prison officials are the acknowledged experts in the field of placement and management of their prisoners." Sullivan v. OhioDept. of Rehab. Corr., Court of Claims No. 2003-02161, 2005-Ohio-2122, at ¶ 14, citing Mitchell v. Ohio Dept. of Rehab. Corr. (1995),107 Ohio App.3d 231. Felts' statements in the conduct report were made in connection with his and appellee's interest and duty in ensuring the safety and security of the institution, its prisoners, and its employees.
 {¶ 31} Felts' statements also appear to have been made in good faith. According to his affidavit, Felts filed the conduct report in accordance with his senses, knowledge, and experience as a correction officer, as part of his duty, on behalf of appellee, to maintain the safety and security of the prison, and because he believed that appellant had violated prison rules. Accordingly, we find that the statements made by Felts in the conduct report were made on a privileged occasion. SeeA B-Abell, at 8.
 {¶ 32} A qualified privilege may be defeated only by clear and convincing evidence of actual malice on the part of the defendant.Jacobs, at 114-115. "Actual malice" is *Page 15 
defined as "acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity." Id. at 116. "Reckless disregard" is demonstrated by presenting "sufficient evidence to permit a finding that the defendant had serious doubts as to the truth of [its] publication." Sullivan, at 11. Having determined that appellant was required to prove that Felts acted with actual malice in writing the conduct report, we must independently review the record to determine whether that standard was met. Jacobs, at 116, citingVaranese v. Gall (1988), 35 Ohio St.3d 78.
 {¶ 33} In this case, the evidence appellant attached to his motion for summary judgment demonstrates than Felts falsely claimed in his conduct report that appellant fought with another inmate and threatened the recreational staff. Upon review of the videotape of the incident, the RIB found appellant not guilty of the charges, and the inspector of institutional services recommended that Felts be disciplined for his actions. However, "[i]t is not sufficient for a libel plaintiff to show that an interpretation of facts is false; rather, he must prove with convincing clarity that defendant was aware of the high probability of falsity." Id. at 119, quoting Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116. Once appellee asserted that Felts' statements were made in good faith, appellant had the burden of demonstrating that Felts acted with actual malice. At that point, appellant could not merely rely on the allegations he made in the complaint. Id.
 {¶ 34} We conclude that appellant failed to meet his burden of demonstrating the existence of a genuine issue of material fact as to the issue of whether Felts acted with actual malice. In his affidavit, appellant merely reasserted that which he alleged in his complaint, i.e., that Felts maliciously filed the false conduct report. Appellant has failed to produce any evidence that refutes appellee's claim that Felts filed the conduct report in *Page 16 
good faith based upon his belief that appellant had violated prison rules. Appellant's self-serving affidavit, which is not corroborated by any evidence, is insufficient to establish the existence of a material issue of fact. Deutsche Bank Natl. Trust Co. v. Doucet, Franklin App. No. 07AP-453, 2008-Ohio-589, at ¶ 13. Accordingly, we conclude that no material fact remains in dispute and that the trial court correctly determined that appellee was entitled to judgment as a matter of law on appellant's defamation claim. The second and third assignments of error are overruled.
 {¶ 35} By his first assignment of error, appellant asserts the trial court abused its discretion in failing to grant his motion to compel discovery of the report of the institutional inspector and the warden's determination regarding any disciplinary action taken against Felts for filing the false conduct report against appellant. We disagree.
 {¶ 36} In early February 2007, appellant requested production of the aforementioned documents. Appellee responded that it had not yet determined whether the requested documents existed; however, if the documents did exist, appellee would supplement its discovery response.
 {¶ 37} In late March 2007, appellant filed a motion to compel production of the documents. Appellee filed a memorandum contra appellant's motion to compel, stating that neither document would be provided. More specifically, appellee, citing Ohio Adm. Code 5120-9-31(I), averred that institutional inspector's reports are confidential, and thus not subject to discovery requests, because they detail investigations regarding grievances filed by multiple inmates. Appellee further averred that the warden would not issue a decision because appellant was found not guilty by the RIB, he did not appeal that finding, and the warden does not review a determination that is not appealed. *Page 17 
 {¶ 38} Appellant filed a reply contending that there were no confidentiality problems with the inspector's report because the inspector renders a separate report for each inmate's grievance. Appellant further averred that the warden always renders a decision on the inspector's findings and recommendations concerning a grievance and had done so in appellant's case; indeed, appellant stated that the warden told appellant he had rendered a decision and ordered the appropriate party to implement that decision.
 {¶ 39} By entry dated April 24, 2007, the trial court, relying on appellee's assertions that the inspector's report is a confidential document not subject to discovery requests and that the warden's decision did not exist, denied appellant's motion to compel.
 {¶ 40} "A trial court enjoys considerable discretion in the regulation of discovery matters." Callander v. Callander, Franklin App. No. 07AP-746, 2008-Ohio-2305, at ¶ 43, citing Akers v. Ohio State Univ. Med.Ctr., Franklin App. No. 04AP-575, 2005-Ohio-5160, at ¶ 7, citingManofsky v. Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663, 668. As well, the decision whether or not to grant a motion to compel discovery lies squarely within the trial court's discretion and will not be reversed absent an abuse of such discretion. Deutsche Bank Natl.Trust Co., at ¶ 19; Watley v. Dept. of Rehab. Corr, Franklin App. No. 06AP-1128, 2007-Ohio-1841, at ¶ 23. An abuse of discretion is more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Callander, citing Tracey v.Merrell Dow Pharmaceuticals (1991), 58 Ohio St.3d 147, 152.
 {¶ 41} Appellant does not set forth how the trial court abused its discretion in denying his motion to compel. Indeed, appellant has never asserted, either in his motion *Page 18 
to compel or in his brief before this court, the purpose for which he sought the documents. There is some support for appellant's claim that the warden may have rendered a decision on the inspector's recommendation on the grievance. As noted previously, the inspector's disposition of grievance asserts that the matter would be forwarded to the warden for disposition and that appropriate disciplinary action, if warranted, would follow. Further, Ohio Adm. Code 5120-9-31(K) provides that "[i]f the resolution of a grievance * * * is not within the scope of authority of the inspector of institutional services, the inspector of institutional services shall submit the findings and recommendations concerning the grievance to the warden for the warden's approval, modification or disapproval." However, appellant does not set forth any evidence that the warden actually rendered a decision on his grievance, and the trial court apparently believed appellee's assertion that the warden did not render a decision on the matter. Further, as to the inspector's report, Ohio Adm. Code 5120-9-31(I) provides that "[g]rievance records are considered confidential and shall be maintained by the inspector of institutional services in a secure manner." Thus, the trial court did not abuse its discretion in finding that the inspector's report was confidential and thus not subject to appellant's discovery request. Hence, we find no abuse of discretion in the trial court's decision to deny appellant's motion to compel. The first assignment of error is overruled.
 {¶ 42} Having overruled appellant's first, second, and third assignments of error, we hereby affirm the judgment of the Court of Claims of Ohio.
Judgment affirmed.
PETREE, J., concurs.
 SADLER, J., concurring separately. *Page 19 
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellant is currently incarcerated at the Ohio State Penitentiary in Youngstown, Ohio.