[Cite as *Alford v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-4949.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| BRIAN KEITH ALFORD<br><br>Plaintiff<br><br>v.<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION<br><br>Defendant | Case No. 2023-00502JD<br><br>Judge Lisa L. Sadler<br>Magistrate Gary Peterson<br><br><u>DECISION</u> |

{¶1} On July 18, 2024, Defendant filed a Motion for Summary Judgment pursuant to Civ.R. 56(C), asserting that Plaintiff's defamation claim fails because Ohio Department of Rehabilitation and Correction (ODRC) employees are entitled to a qualified privilege and that Plaintiff cannot establish actual malice.[1]  Defendant also argues that ODRC cannot be liable for comments made by Aramark employees as there is no agency relationship between Aramark and ODRC.  On August 22, 2024, Plaintiff filed a Response, and, on August 29, 2024, Defendant filed a Reply.  On September 10, 2024, Plaintiff filed a sur-reply without leave of the Court, and thus it shall not be considered.  For the reasons stated below, the Court GRANTS Defendant's Motion for Summary Judgment.

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits,

---

[1] On August 27, 2024, Plaintiff filed a motion to recuse Magistrate Gary Peterson for appearance of bias.  However, this decision is issued by the undersigned Judge, and given the disposition of this decision, Plaintiff's motion is DENIED as moot.

transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 1996-Ohio-107, 292.

**{¶3}** To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293. If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which provides that "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

**{¶4}** When considering the evidence, "[a]ny doubt must be resolved in favor of the non-moving party." *Pingue v. Hyslop*, 2002-Ohio-2879, ¶ 15 (10th Dist.). It is well-established that granting summary judgment is not appropriate unless, construing the evidence most strongly in favor of the nonmoving party: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Robinette v. Orthopedics, Inc.*, 1999 Ohio App. LEXIS 2038, 7 (10th Dist. May 4, 1999).

**Background**

**{¶5}** Plaintiff alleges that, on July 8, 2023, an ODRC conduct report was filed by Aramark worker Kendrick "that was unfounded and without merit" and that "the author [of the conduct report] knew . . . [the allegations] were false, and that ODR was well aware of the falsity of the report based upon a review of the seurity camera."[2]  Complaint, 1.

---

[2] The quoted language is as written in Plaintiff's Complaint.

The report indicated that after being handcuffed, Plaintiff "was not masterbating, but allegedly hd his private out." *Id.* at 1-2. Corrections Officer Corey, at an RIB hearing, "when called to testify . . . [alleged] that plaintiff was playing with his private." *Id.* at 2. Plaintiff alleges that Corey's statement is defamatory because it indicates not only that Plaintiff had his penis exposed but that he was also masturbating. *Id.* He asserts that the statement that he was masturbating is untrue and has damaged his reputation. *Id.*

{¶6} In support of its Motion, Defendant submitted the affidavits of Aaron Corey, a corrections officer at Ross Correctional Institution, and of Kenneth Kopycinski, ODRC's Chief of the Office of Acquisition and Contract Compliance.

{¶7} Corey asserts that he responded to the kitchen after Aramark employee Kendrick alerted ODRC staff that she'd seen Plaintiff masturbating. Affidavit of Aaron Corey, paragraph 5. Corey reported that Kendrick said she saw Plaintiff "playing with his penis over in the corner." *Id.* at 6. Corey also asserts that "[m]asturbation, and more broadly, indecent exposure, is a violation of DRC's Inmate Rules of Conduct, specifically what Rule 14 was at the time, which states: seductive or obscene acts, including indecent exposure or masturbation; including, but not limited to, any word, action, gesture, or other behavior that is sexual in nature and would be offensive to a reasonable person." *Id.* at 7. Corey repeated what Kendrick had told him when he was called as a witness before the Rules and Infraction Board (RIB). *Id.* at 8. Corey avers that he only communicated with necessary ODRC staff pursuant to ODRC policy and did not speak with any non-ODRC employees or any incarcerated persons concerning these events. *Id.* at 9.

{¶8} Kopycinski avers that food service employees are employees or agents of Aramark, not ODRC. Affidavit of Kenneth Kopycinski, paragraph 4. Kopycinski further avers that Aramark is responsible for procuring the equipment and supplies necessary to operate, clean, and maintain the kitchens of ODRC. *Id.* at 5. ODRC is not involved in Aramark's decision-making and does not control the details of the work that Aramark employees do. *Id.* at 6. ODRC is not involved in the kitchens; daily operation nor does ODRC play any role in recruiting, staffing, paying, supervising, disciplining, or terminating Aramark employees, and Aramark controls the hours worked and compensation given to each of its employees, including employee benefits and wages. *Id.* at 7-8.

{¶9} In response, Plaintiff submitted his own affidavit wherein he avers that Corey asked Kendrick if Plaintiff was "masterbating", to which Kendrick stated "No, but he had it out." Plaintiff's affidavit, paragraph 6. Plaintiff further alleges that Kendrick did not state that he was playing with his penis in the corner. *Id.* at 7. Plaintiff maintains that Corey lied to bolster Kendricks's incident report. *Id.* at 3. Notably, nowhere in Plaintiff's affidavit does he deny that his penis was out in the kitchen; only that he was not playing with his penis or masturbating. Plaintiff did not submit any evidence concerning Aramark's relationship with ODRC.

**Law and Analysis**

Independent Contractor

{¶10} "Generally, an employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of respondeat superior, but not for the negligence of an independent contractor over whom it retained no right to control the mode and manner of doing the contracted-for work." *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438 (1994).

{¶11} "The Ohio Supreme Court has set out a test to distinguish an agency relationship (sometimes also referred to as a master-servant relationship) from an employer-independent contractor relationship: 'Did the employer retain control of, or the right to control, the mode and manner of doing the work contracted for? If he did, the relationship is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the relationship is that of employer and independent contractor.'" *Title First Agency, Inc. v. Xpress Closing Serv., Inc.*, 2004-Ohio-242, ¶ 11 (10th Dist.), quoting *Councell v. Douglas*, 163 Ohio St. 292 (1955), paragraph one of the syllabus.

{¶12} "In determining whether an employer has the degree of control necessary to establish agency, courts examine a variety of factors, including: whether the employer or individual controls the details of the work; whether the individual is performing in the course of the employer's business rather than in an ancillary capacity; whether the individual receives compensation from the employer, and the method of that compensation; whether the employer or individual controls the hours worked; whether the

employer or individual supplies the tools and place of work; whether the individual offers his services to the public at large or to one employer at a time; the length of employment; whether the employer has the right to terminate the individual at will; and whether the employer and individual believe that they have created an employment relationship." *Wright v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-4359, ¶ 10 (10th Dist.).

{¶13} Here, Plaintiff seeks to hold ODRC liable for comments made by Kendrick, an employee of Aramark.  Complaint, ¶ 12.  However, the undisputed affidavit testimony of Kopycinski establishes that Aramark employees are not agents or employees of ODRC. Aramark procures the equipment and supplies necessary to operate, clean, and maintain the equipment.  ODRC is not involved in the decision-making process and does not control the details of the work of the Aramark employees.  ODRC is not involved in the daily operations and does not play any role in recruiting, staffing, paying, supervising, disciplining, or terminating of Aramark employees.  Aramark controls the hours worked and compensation given to each of its employees.  Plaintiff did not submit any evidence to contradict that put forth by Defendant, and as a result, it must be concluded that Aramark is an independent contractor and that ODRC cannot be liable for the actions or inactions of Aramark employees, including Kendrick.  Accordingly, Plaintiff's allegation that ODRC is liable for comments made by Kendrick in a conduct report fails as a matter of law.

Defamation

{¶14} "In Ohio, defamation occurs when a publication contains a false statement 'made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession.'"  *Jackson v. Columbus*, 2008-Ohio-1041, ¶ 9, quoting *A & B-Abell Elevator Co., Inc. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 1995-Ohio-66, ¶ 7 (1995).  "'Slander' refers to spoken defamatory words, while 'libel' refers to written or printed defamatory words."  *Schmidt v. Northcoast Behavioral Healthcare*, 2011-Ohio-777, ¶ 8 (10th Dist.).  Truth is a complete defense in an action against libel or slander.  R.C. 2739.02.

{¶15} "If a claimant establishes a prima facie case of defamation, a defendant may then invoke a conditional or qualified privilege."  *Jackson* at ¶ 9, citing *A & B-Abell* at 7, citing *Hahn v. Kotten*, 43 Ohio St. 2d 237, 243 (1975).  Even if a statement was false, "'[u]pon certain privileged occasions . . . the law recognizes that false, defamatory matter may be published without civil liability.'"  *M.J. DiCorpo, Inc. v. Sweeney*, 1994-Ohio-316, quoting *Bigelow v. Brumley*, 138 Ohio St. 574, 579 (1941).  "The privileged occasions in which this principle applies are divided into two classes: (1) those that are subject to absolute privilege, and (2) those that are subject to a qualified privilege."  *Mettke v. Mouser*, 2013-Ohio-2781, ¶ 6 (10th Dist.).  "'The distinction between these two classes is that the absolute privilege protects the publisher of a false, defamatory statement even though it is made with actual malice, in bad faith and with knowledge of its falsity; whereas the presence of such circumstances will defeat the assertion of a qualified privilege.'" *DiCorpo*, quoting *Bigelow,* at 579-80.

{¶16} Qualified privilege extends to a communication "'"made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest."'"  (Emphasis deleted.)  *McIntyre v. Ohio Bur. of Workers' Comp.*, 2013-Ohio-2338 (10th Dist.), ¶ 6, quoting *Hahn* at 244.

{¶17} "Once established, 'a qualified privilege may be defeated . . . if a claimant proves with convincing clarity that a publisher acted with actual malice.'"  *Alford v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-19, ¶ 22, (10th Dist.), citing *Jackson,* 2008-Ohio-1041, at ¶ 9.  "'Actual malice' is defined as 'acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity.'"  *Watley v. Ohio Dept. of Rehab. & Corr.*, 2008-Ohio-3691, ¶ 32 (10th Dist.), citing *Jacobs v. Frank,* 60 Ohio St.3d 111, 114-116 (1991).  "Evidence that establishes, at best, the publisher 'should have known' of the alleged falsity of the statement is insufficient to establish actual malice. . . . '[M]ere negligence is constitutionally insufficient to show actual malice.'"  *Hill v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-561, ¶ 19 (10th Dist.), citing *Varanese v. Gall*, 35 Ohio St.3d 78, 82 (1988).

{¶18} "The phrase 'reckless disregard' applies when a publisher of defamatory statements acts with a 'high degree of awareness of their probable falsity' or when the publisher 'in fact entertained serious doubts as to the truth of his publication.'" *Hill*, 2021-Ohio-561, ¶ 19 (10th Dist.), citing *Jackson,* 2008-Ohio-1041, at ¶ 10. "It is not sufficient for a libel plaintiff to show that an interpretation of facts is false; rather, he must prove with convincing clarity that defendant was aware of the high probability of falsity." *Watley,* 2008-Ohio-3691, at ¶ 33 (quotations omitted).

{¶19} The undisputed evidence establishes that the statement that Plaintiff was "playing with himself" is subject to a qualified privilege. The statement was made by Corey at the RIB hearing. The statement was only made to necessary ODRC staff, and Plaintiff and was not made to any other inmates or other individuals. The statement initially made by the Aramark worker is not at issue here because she is not an agent or employee of ODRC and thus ODRC is not responsible for her statement.

{¶20} Additionally, regardless of the exact words stated by Corey at the RIB hearing, Rule 14 states that indecent exposure is a violation of ODRC policy. Plaintiff, in his affidavit, does not deny that he exposed himself in violation of Rule 14. The phrase used, "playing with himself," is in congruence with Plaintiff's behavior in exposing his penis, and a Rule 14 violation, even if it was his penis's mere exposure rather than its literal masturbation.

{¶21} Defendant has also put forth evidence that the statement was made in good faith and with an interest to be upheld. The statement was also limited in its scope inasmuch as the statement only reported the suspected wrongdoing and was only made in an appropriate setting. Accordingly, Defendant has established that the statement is subject to a qualified privilege. *See Alford*, 2024-Ohio-19, ¶ 22-25, (10th Dist.) (applying qualified privilege to statements made in a conduct report and before the RIB); *Scott v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-1647 (10th Dist.) (applying qualified privilege to statements made in a conduct report and before the RIB); *Hill,* 2021-Ohio-561, ¶ 21-26 (applying qualified privilege to statements made in a conduct report and before the RIB); *Watley,* 2008-Ohio-3691, ¶ 32 (applying qualified privilege to statements made in a conduct report and before the RIB).

{¶22} Here, Plaintiff did not put forth evidence to contradict the evidence put forth by Defendant nor create a genuine issue of material fact. Plaintiff failed to put forth clear and convincing evidence that Corey's statement was made with actual malice. As stated previously, Plaintiff denied that he was masturbating but did not deny that he exposed his penis in the kitchen area. Corey's statement thus captured the events alleged to have occurred. Accordingly, Defendant met its initial burden pursuant to Civ.R. 56 by demonstrating that the statement is subject to a qualified privilege and that Plaintiff cannot establish actual malice, and Plaintiff failed to meet his reciprocal burden pursuant to Civ.R. 56 to put forth clear and convincing evidence that the statement was made with actual malice. As previously stated, Civ.R. 56(E) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

**Conclusion**

{¶23} Based upon the foregoing, the Court finds that there is no genuine issue of material fact that a qualified privilege is applicable and bars Plaintiff's defamation claim and that Plaintiff cannot establish actual malice. Defendant's Motion for Summary Judgment shall be GRANTED.

LISA L. SADLER
Judge

[Cite as *Alford v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-4949.]

BRIAN KEITH ALFORD

    Plaintiff

    v.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION

    Defendant

Case No. 2023-00502JD

Judge Lisa L. Sadler
Magistrate Gary Peterson

<u>JUDGMENT ENTRY</u>

## IN THE COURT OF CLAIMS OF OHIO

**{¶24}** Based upon the decision filed concurrently herewith, the Court concludes that there are no genuine issues of material fact, and that Defendant is entitled to judgment as a matter of law. Therefore, Defendant is entitled to summary judgment, and Defendant's Motion for Summary Judgment is GRANTED. Judgment is rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed September 27, 2024**
**Sent to S.C. Reporter 10/14/24**