**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ROBERT MOORE | Case No. 2024-00030JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Gary Peterson |
| v. | <u>DECISION</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On December 17, 2024, Defendant filed a Motion for Summary Judgment pursuant to Civ.R. 56(B), asserting that it is entitled to judgment as a matter of law because Plaintiff cannot prevail on his claim of defamation. Plaintiff did not file a response. The Motion is now before the Court for review. For the reasons stated below, Defendant's Motion is GRANTED.

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C):

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being

entitled to have the evidence or stipulation construed most strongly in the
party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St. 3d 280, 292 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Background**

{¶4} On January 19, 2024, Plaintiff, incarcerated person Robert Moore, filed a Complaint wherein he asserts that, on August 17, 2023, he "received an erroneous conduct report for a rule violation [he] did not commit and was found guilty without any evidence to support the RIB finding," and that he received two more conduct reports for rule violations on July 16, 2023[1] and March 15, 2023 for "violation[s he] did not commit." (Complaint, 1-2.)

{¶5} On July 16, 2022, Plaintiff received a conduct report for a violation of Ohio Department of Rehabilitation and Correction (ODRC) Rules 39 and 60, "[u]nauthorized possession, manufacture, or consumption of drugs or any intoxicating substance" and

---

[1] Defendant submitted an affidavit from Allan Szoke, Warden's Administrative Assistant at the Ross Correctional Institution, in which he states that Plaintiff did not receive a conduct report dated July 16, 2023, but did receive a conduct report dated July 16, 2022. Defendant thus assumes that Plaintiff is referring to the July 16, 2022 conduct report as a part of this complaint. The Court will likewise refer to the July 16, 2022 conduct report.

"[a]ttempting to commit; aiding another in the commission of; soliciting another to commit; or entering into an agreement with another to commit any of the above acts." (*See* Defendant's Motion for Summary Judgment, Conduct Reports.) On March 15, 2023, Plaintiff received another conduct report for a violation of ODRC Rule 39; and, on August 17, 2023, Plaintiff received a conduct report for violation of ODRC Rule 2.1, "[t]hreatening bodily harm to another person." (*Id.*) Following hearings regarding the conduct reports, Plaintiff was found guilty of violating institutional rules in each instance. (*See* Defendant's Motion for Summary Judgment, Hearing Officer's Reports and Disposition of the Rules Infraction Board.)

{¶6} Plaintiff alleges that "as a result [of the conduct reports and subsequent hearings], [he] received sanctions which included up to six month commissary, JPAY, visiting, Telephone restriction and loss property which included . . . commissary totaling $35.58" and "GTL tablets and other property of clothing [sic], and was denied security classification reduction from level 3 to level 2." (Complaint, 2.) Plaintiff asserts that "[t]hese acts by ODRC staff amounted to Defemation [sic] of character which caused damage to my person, character, employment and chances for release early." (*Id.*)

**Law and Analysis**

{¶7} In its Motion for Summary Judgment, Defendant asserts that Plaintiff's claim for defamation fails because Plaintiff cannot establish that it published any defamatory statements about him.

{¶8} "In Ohio, defamation occurs when a publication contains a false statement 'made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession.'" *Jackson v. Columbus*, 2008-Ohio-1041, ¶ 9, quoting *A & B-Abell Elevator Co., Inc. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 1995-Ohio-66 ¶ 22. "To succeed on a defamation claim, a plaintiff must establish: (1) a false statement, (2) about the plaintiff, (3) published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) the statement was either defamatory per se or caused special harm to the plaintiff." *Watley v. Ohio Dept. of Rehab. & Corr.*, 2008-Ohio-3691, ¶ 26 (10th

Dist.). "'Slander' refers to spoken defamatory words, while 'libel' refers to written or printed defamatory words." *Schmidt v. Northcoast Behavioral Healthcare*, 2011-Ohio-777, ¶ 8 (10th Dist.). Truth is a complete defense in an action against libel or slander. R.C. 2739.02; *see Ed Schory & Sons v. Francis*, 1996-Ohio-194 (1996) ("In Ohio, truth is a complete defense to a claim for defamation").

{¶9} Defendant has put forth evidence that it did not publish any false statements about Plaintiff. In support of its Motion, Defendant submitted a series of affidavits wherein ODRC employees aver that they did not publish any false statements about Plaintiff and that Plaintiff admitted to the allegations made in at least some of the conduct reports.

{¶10} First, Defendant submitted an affidavit from Trevor Leeth, a Corrections Officer at the Ross Correctional Institution, in which he asserts:

> 6. On July 16, 2022, I completed a Conduct Report after [Plaintiff] admitted to putting a sock filled with drugs into another incarcerated person's belongings while packing that person's things up. Attached to this as Exhibit A affidavit is a true and accurate copy of that Conduct Report.
>
> 7. In connection with authoring my July 16, 2022, Conduct Report, I communicated only with necessary DRC staff as required by DRC policy. Moreover, I did not speak with any non-DRC employees or any incarcerated persons concerning these events.
>
> 8. I have never, to my knowledge, made any untrue statements, oral or written, about [Plaintiff], and any statements I have made about [Plaintiff] were made as part of my official duties and to maintain safety and security for DRC.

{¶11} Defendant also submitted an affidavit from William Cokonougher, a Seargent and member of the Rules Infraction Board at the Ross Correctional Institution, in which he avers:

> 5. On or about July 22, 2022, the Rules Infraction Board (RIB) held a hearing regarding a Conduct Report issued to [Plaintiff] on July 16, 2022. At that hearing, [Plaintiff] pled guilty to violating Rule 60 and pled not guilty to violating Rule 39 but was found guilty of violating both. Exhibit B, attached, is a true and accurate copy of the records from that hearing.

6.    On or about March 21, 2023, the RIB held a hearing regarding a Conduct Report issued to [Plaintiff] on March 15, 2023.  At that hearing, [Plaintiff] pled guilty and was found guilty of violating Rule 39.  Exhibit D, attached, is a true and accurate copy of the records from that hearing.

7.    Regarding the subject matter of the July 22, 2022, and March 21, 2023, hearings, I spoke or communicated only with [Plaintiff] and the members of the RIB.  Moreover, I did not speak with any non-DRC employee or any other incarcerated persons concerning these events.

8.    I have never, to my knowledge, made any untrue statements, oral or written, about [Plaintiff] . . . .

{¶12} Gregory Payne, a Corrections Officer at the Ross Correctional Institution, asserts:

6.    On March 15, 2023, I completed a Conduct Report after observing that [Plaintiff] was barely able to stand and seemed intoxicated.  Attached to this as Exhibit C affidavit is a true and accurate copy of that Conduct Report.

7.    In connection with authoring my March 15, 2023, Conduct Report, I communicated only with necessary DRC staff as required by DRC policy. Moreover, I did not speak with any non-DRC employees or any incarcerated persons concerning these events.

8.    I have never, to my knowledge, made any untrue statements, oral or written, about [Plaintiff], and any statements I have made about [Plaintiff] were made as part of my official duties and to maintain safety and security for DRC.

{¶13} In an affidavit from Michael Mayes, a Seargent and member of the Rules Infraction Board at the Ross Correctional Institution, he states:

5.    On or about August 28, 2023 the Rules Infraction Board (RIB) held a hearing regarding a Conduct Report issued to [Plaintiff] on August 23, 2023. At that hearing, [Plaintiff] pled not guilty but was found guilty of violating Rule 2.1.  Exhibit F, attached, is a true and accurate copy of the records from that hearing.

6.      Regarding the subject matter of the August 28, 2023, hearing, I spoke or communicated only with [Plaintiff] and the members of the RIB. Moreover, I did not speak with any non-DRC employee or any other incarcerated persons concerning these events.

7.      I have never, to my knowledge, made any untrue statements, oral or written, about [Plaintiff], and any statements I have made about [Plaintiff] were made as part of my official duties and to maintain safety and security for ODRC.

**{¶14}** Defendant also submitted an affidavit from Eric Doughty, a Unit Manager at the Ross Correctional Institution, in which he states:

6.      On August 17, 2023, I completed a Conduct Report after conducting an investigation into a threatening letter and concluding that [Plaintiff] was the author.  Attached to this as Exhibit E affidavit is a true and accurate copy of that Conduct Report.

7.      In connection with authoring my August 17, 2023, Conduct Report, I communicated only with necessary DRC staff as required by DRC policy. Moreover, I did not speak with any non-DRC employees or any incarcerated persons concerning these events.

8.      I have never, to my knowledge, made any untrue statements, oral or written, about [Plaintiff], and any statements I have made about [Plaintiff] were made as part of my official duties and to maintain safety and security for DRC.

**{¶15}** Defendant has put forth evidence that it did not publish any false statements regarding Plaintiff.  Trevor Leeth and William Cokonougher aver in their affidavits that the July 2022 conduct report does not contain any false statements.  Leeth and Cokonougher further aver that Plaintiff admitted to the allegations in the conduct report.  Gregory Payne and Cokonougher aver that the March 2023 conduct report does not contain any false statements about Plaintiff.  Michael Mayes and Eric Doughty aver in their affidavits that the August 2023 conduct report does not contain any false statements about Plaintiff.

Accordingly, the evidence submitted by Defendant establishes that there were no false statements made about Plaintiff by Defendant in the conduct reports identified by Plaintiff.

{¶16} Thus, Defendant met its initial burden of identifying evidence in the record that demonstrates an absence of a genuine issue of material fact—that no false statements were made about Plaintiff. Plaintiff was obligated to respond with specific evidence demonstrating a genuine issue of material fact. Civ.R. 56(E). Plaintiff did not file a response, and the evidence submitted by Defendant is thus uncontradicted.

{¶17} As truth is a total defense to a claim for defamation, and the undisputed evidence presented demonstrates that none of the conduct reports identified in Plaintiff's complaint contains false statements, Plaintiff cannot demonstrate that a false statement was made by Defendant. Thus, Plaintiff's claim for defamation fails. Accordingly, Defendant is entitled to judgment on Plaintiff's claim for defamation.

## Conclusion

{¶18} Based upon the foregoing, the Court concludes that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment shall be granted, and judgment shall be rendered in favor of Defendant.

LISA L. SADLER
Judge

[Cite as *Moore v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-1249.]

| | |
|---|---|
| ROBERT MOORE | Case No. 2024-00030JD |
| Plaintiff | Judge Lisa L. Sadler |
| v. | Magistrate Gary Peterson |
| OHIO DEPARTMENT OF | <u>JUDGMENT ENTRY</u> |
| REHABILITATION AND CORRECTION | |
| Defendant | |

## IN THE COURT OF CLAIMS OF OHIO

{¶19} A non-oral hearing was conducted in this case upon Defendant's Motion for Summary Judgment. For the reasons set forth in the decision filed concurrently herewith, the Court concludes that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. As a result, Defendant's Motion for Summary Judgment is GRANTED, and judgment is rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


LISA L. SADLER
Judge


**Filed March 7, 2025**
**Sent to S.C. Reporter 4/10/25**